Case 2:23-cv-00083   Document 16   Filed on 06/09/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROY JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00083 |
| | § | |
| UNITED STATES, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE FOR FAILURE TO PROSECUTE**

Plaintiff Roy Jackson, a Texas inmate confined at the McConnell Unit in Beeville, Texas, originally filed this prisoner civil rights action in the Houston Division of this Court. (Case No. H-22-2985). By Order entered on March 28, 2023, District Judge Charles Eskridge transferred this action to the Corpus Christi Division of the Court. (D.E. 10).

In a Notice of Deficient Pleading issued on March 28, 2023, Plaintiff was notified that he must do one of the following within thirty days: (1) pay the $402.00 filing fee for civil rights cases; or (2) submit a completed application to proceed *in forma pauperis* (IFP) along with a certified copy of his inmate trust fund account statement. (D.E. 13). Plaintiff was warned that failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of prosecution. (*Id.*).

In response to the Notice of Deficient Pleading, Plaintiff complained about fees totaling $1,420.00 which were taken from his inmate trust account by the Court in

connection with previous cases filed by Plaintiff. (D.E. 14). Plaintiff, however, provided no indication in his response that he intended to comply with the Notice of Deficient Pleading and submit either the $402.00 filing fee or the requested information in this pending action.

On May 12, 2023, the undersigned ordered Plaintiff to show cause on or before June 2, 2023 why his civil rights action should not be dismissed for want of prosecution. (D.E. 15). The undersigned instructed Plaintiff that he could successfully show cause "by paying the filing fee or filing an IFP application and a copy of his inmate trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." (*Id.* at 2). Plaintiff was warned that his failure to comply with the May 12 Show Cause Order would result in a recommendation to the District Court that this action be dismissed. (*Id.*).

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). To date, Plaintiff has not responded to the May 12 Show Cause Order. Plaintiff has failed to follow court orders and submit either the full filing fee or an IFP application along with the requested inmate trust fund information in support. Dismissal is therefore warranted under these circumstances.

Accordingly, it is respectfully recommended that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

Respectfully submitted on June 9, 2023.

                                                                               _____
                                                                               Julie K. Hampton
                                                                               United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).